**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

--------------------
No. 95-30979
SUMMARY CALENDAR
--------------------


DENISE A. BREAUX,

Plaintiff-Appellant,

VERSUS


METROPOLITAN LIFE INSURANCE COMPANY,

Defendant-Appellee.


-------------------------
APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
U.S.D.C. No. CA-95-3487-G
-------------------------

March 4, 1996
Before REAVLEY, SMITH, and PARKER, Circuit Judges.

PER CURIAM:[*]

Denise Breaux appeals the district court's grant of summary judgment in favor of Metropolitan Life Insurance Company ("Metropolitan"). Breaux had originally filed this suit in Louisiana state court seeking to enforce her rights under a prior settlement in which she asserts Metropolitan had agreed to payment of disability benefits under an employee benefit plan provided to her by her former employer. After Metropolitan successfully removed the suit to federal court, the district

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

court held, and Breaux now agrees, that her state court cause of action was preempted by the Employee Retirement Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. Breaux asserts her complaint alleged facts sufficient to state a cause of action under ERISA.

Breaux's pleading, styled "Petition to Enforce Settlement," asserts in relevant part that: Metropolitan was the disability insurer for Ebasco Services, Inc., Breaux's former employer; Breaux was injured on the job while so employed and was rendered totally and permanently disabled; Breaux filed suit against Metropolitan in connection with that accident; under terms of a settlement she gave up valuable consideration in the form of her right to pursue claims for penalties and attorney's fees in return for Metropolitan's agreement to pay her long term disability payments; Metropolitan paid said benefits until September 1, 1992, when they were discontinued; there has been no change in Breaux's condition which would warrant discontinuance of benefits; and discontinuance of disability benefits was arbitrary and capricious in violation of a state statute and the settlement previously entered into by the parties has been ignored. She prayed for enforcement of the settlement, reinstatement of her benefits, and assessment of costs and attorney's fees.

The district court, relying on Boren v. N.L. Industries, Inc., 889 F.2d 1463 (5th Cir. 1992), cert. denied, 497 U.S. 1029 (1990), held that Breaux's complaint failed to state a cause of

2

action under ERISA, but only alleged a breach of a settlement agreement and requested statutory remedies. However, it is not clear to us that Boren is applicable. Both sides treat this claim as one not limited to a state court claim on contract, but as an insurer's refusal to continue its obligations under the terms of an employee benefit plan. If the suit were simply one to enforce a contract apart from the insured's rights under the plan, then it would not be an ERISA cause of action, but only a state law claim.

Boren clearly presented a case in which an employee sought to enforce a settlement for payment of benefits under an employee benefit plan, but alleged only a state law claim. If the settlement in the instant case is different, that is if Metropolitan had terminated the plan and on its own had refused to continue payments under the terms of a settlement agreement, then the suit is not one based on ERISA. It is our understanding from the arguments and briefs presented in this case that, although the settlement may have been similar to that in Boren, if Breaux was still participating in the Ebasco plan at the time her benefits were terminated and she complains because those benefits were wrongfully denied her, then the suit does sufficiently raise ERISA.[1]

---

[1] No written settlement agreement appears in the record, and Metropolitan does not acknowledge that any settlement resulted from Breaux's lawsuit filed in 1982 after her benefits were terminated. However, deposition testimony of Metropolitan staff consultant James Hartz, submitted in support of Breaux's

(continued...)

Because Breaux's complaint is unclear, we remand to the district court to determine this issue and proceed accordingly.

VACATED AND REMANDED.

---

(...continued)
Memorandum in Opposition to Motion for Summary Judgment, reveals that her benefits under the plan were reinstated in 1984 as a result of an administrative appeal.